Shirley SACOTTE, Henry Sacotte, Jr., and Aetna Casualty & Surety Company, a foreign corporation, Plaintiffs-Respondents-Petitioners,

v.

IDEAL-WERK KRUG & PRIESTER MACHINEN-FABRIK, a foreign corporation, Defendant-Appellant,

MICHAEL BUSINESS MACHINES CORPORATION, a foreign corporation; National Union Fire Insurance Company of Pittsburgh, PA., a foreign corporation; Business Machines & Equipment Company, a foreign corporation; and Michigan Mutual Insurance Company, a foreign corporation, Defendants.

Supreme Court

*No. 83–1135. Argued November 26, 1984.—*
*Decided December 21, 1984.*

(Also reported in 359 N.W.2d 393.)

For the plaintiffs-respondents-petitioners there were briefs by *Frederick K. Geissler* and *Weis, Geissler & Dean, P.C.*, Ironwood, Michigan, and oral argument by *Frederick K. Geissler*.

For the defendant-appellant there was a brief by *William C. Griesbach* and *Liebmann, Conway, Olejniczak & Jerry, S.C.*, Green Bay, and oral argument by *Mr. Griesbach*.

LOUIS J. CECI, J. This is a review of a decision of the court of appeals,[1] reversing an order of the circuit court for Marinette county, William M. Donovan, Circuit Judge, and remanding the matter for further action. We affirm the decision of the court of appeals.

The facts in this case are succinctly set out by the court of appeals as follows:

"Shirley Sacotte injured her fingers while using a paper cutter manufactured by Ideal-Werk. Ideal-Werk originally sold the cutter to Michael Business Machines Corporation, Ideal-Werk's exclusive U.S. distributor. The cutter was eventually resold to Shirley's employer. The Sacottes personally served Michael and made five unsuccessful attempts to personally serve Ideal-Werk's U.S. counsel, Lawrence S. Lawrence. A copy of the summons and complaint was also sent by registered mail to Ideal-Werk's office in Balingen, West Germany. Lawrence then spoke with the Sacottes' attorney and confirmed by letter their agreement to extend the time for Ideal-Werk to 'answer or otherwise move with respect to the complaint.' " Sacotte, 119 Wis. 2d at 16.

Ideal-Werk moved to dismiss the complaint for insufficient service of process and lack of personal jurisdiction. The trial court agreed with Ideal-Werk that service by registered mail on a foreign corporation is not sufficient to confer personal jurisdiction under Wisconsin Statutes, but held that Attorney Lawrence's letter constituted a waiver of Ideal-Werk's jurisdiction defense. The trial court found Ideal-Werk to be ". . . an active participant in the case." As such, the court found it unnecessary to hold a hearing to determine if proper service had been effected through a different method.

The court of appeals concurred with the trial court's finding that Sacottes' service of Ideal-Werk by registered mail did not confer personal jurisdiction, but dis-

---

[1] Sacotte v. Ideal-Werk Krug & Priester, 119 Wis. 2d 14, 349 N.W.2d 701 (Ct. App. 1984).

agreed with the court's conclusion that Ideal-Werk waived its jurisdictional defense. The court then discussed the issue of whether proper service was obtained by some other method. The court of appeals rejected Sacottes' contention that, as an agent for Ideal-Werk, Attorney Lawrence's avoidance of service estops Ideal-Werk from raising the jurisdiction defense, and then remanded the case for a hearing to determine whether Michael Business Machines Corporation, which was properly served, was either Ideal-Werk's managing agent or an agent authorized by appointment or by law to accept service for Ideal-Werk.[2]

Subsequently, the plaintiffs petitioned this court to review that portion of the court of appeals decision which held that service of a summons and complaint on a West German corporation by registered mail was insufficient to confer personal jurisdiction. We granted the petition by an order dated July 24, 1984.

## I.

In order for a Wisconsin court to exercise personal jurisdiction over a defendant, service of the summons and complaint must be made in the manner provided in

---

[2] *See*, sec. 801.11(5)(a) and (c), Stats., which provides for service of a summons upon a domestic or foreign corporation:

"(a) By personally serving the summons upon an officer, director or managing agent of the corporation either within or without this state. In lieu of delivering the copy of the summons to the officer specified, the copy may be left in the office of such officer, director or managing agent with the person who is apparently in charge of the office.

". . .

"(c) By serving the summons in a manner specified by any other statute upon the defendant or upon an agent authorized by appointment or by law to accept service of the summons for the defendant."

sec. 801.11, Stats.[3] Section 801.11(5), sets forth three methods by which service can be made upon domestic or foreign corporations:

"(a) By personally serving the summons upon an officer, director or managing agent of the corporation either within or without this state. In lieu of delivering the copy of the summons to the officer specified, the copy may be left in the office of such officer, director or managing agent with the person who is apparently in charge of the office.

"(b) If with reasonable diligence the defendant cannot be served under par. (a), then the summons may be served upon an officer, director or managing agent of the corporation by publication and mailing as provided in sub. (1).

"(c) By serving the summons in a manner specified by any other statute upon the defendant or upon an agent authorized by appointment or by law to accept service of the summons for the defendant."

The issue here is whether a foreign corporation can be personally served by receiving registered mail. This is a question of statutory construction, which is a question of law. *State v. Clausen*, 105 Wis. 2d 231, 243, 313 N.W.2d 819 (1982). "As to questions of law, an appellate court need not give special deference to determinations of the trial court." *DePratt v. West Bend Mut. Ins. Co.*, 113 Wis. 2d 306, 310, 334 N.W.2d 833 (1983).

[3] *See*, sec. 801.04(2), Stats., which provides as follows:

"(2) PERSONAL JURISDICTION. A court of this state having jurisdiction of the subject matter may render a judgment against a party personally only if there exists one or more of the jurisdictional grounds set forth in sec. 801.05 or 801.06 and in addition either:

"(a) A summons is served upon the person pursuant to sec. 801.11; or

"(b) Service of a summons is dispensed with under the conditions in sec. 801.06."

The rules of statutory construction are well established. "First and foremost among them is the rule that the purpose of engaging in statutory interpretation is to ascertain and give effect to the intent of the legislature." *Green Bay Redevelopment Authority v. Bee Frank,* 120 Wis. 2d 402, 409, 355 N.W.2d 240 (1984), citing with approval *Ball v. District No. 4, Area Board,* 117 Wis. 2d 529, 537–38, 345 N.W.2d 389 (1984).

"In determining legislative intent, first resort is to the language of the statute itself. If the meaning of the statute is clear on its face, this court will not look outside the statute in applying it. *Wis. Elec. Power Co. v. Public Service Comm.,* 110 Wis. 2d 530, 534, 329 N.W.2d 178 (1983)." *In Interest of P.A.K.,* 119 Wis. 2d 871, 878, 350 N.W.2d 677 (1984).

"When the language of a statute is ambiguous or unclear, this court will examine the scope, history, context, subject matter and object of the statute in order to discern the intent of the legislature. . . . One further principle which must direct the court in construing a statute is that the court must interpret it in such a way as to avoid an absurd or unreasonable result." *Green Bay Redevelopment Authority,* 120 Wis. 2d at 409 (citations omitted).

We first look to the language of sec. 801.11(5), Stats., and find that the meaning of the statute is clear. Our legislature has specifically excluded service by mail as a means of personal service. Section 801.11(5)(b), provides that, if with reasonable diligence the defendant cannot be personally served, service can be made by publication and mailing. We hold that our legislature did not intend to include service by mail as a method of personal service.

The plaintiff distinguishes between mail as we ordinarily know it and registered mail and asserts that in

cases where registered mail is used, it is possible for the mail carrier to personally serve a defendant by directly delivering the summons and complaint to him.[4] Wisconsin statutes do not draw this line of demarcation. Registered mail is customarily treated as general mail in this state. If a distinction is to be drawn between the two, appropriate action should be taken by the legislature and not by this court.

Section 801.11(5)(b), Stats., does allow service upon a defendant by mail if the party attempting service has with reasonable diligence attempted and failed to personally serve the defendant and if the mailing is accompanied by publication. It is apparent that these prerequisites were not satisfied in this case.

A second argument asserted by the Sacottes is that service of process by mail is authorized by sec. 801.-11(5)(c), Stats., when read in conjunction with sec. 801.14(2).[5] Section 801.11(5)(c), allows for service of

---

[4] This position is supported by *Stonewall Ins. Co. v. Morak*, 325 N.W.2d 134 (Minn. 1982).

[5] Section 801.14(2), Stats., provides for service of pleadings and other papers, as follows:

"Whenever under these statutes, service of pleadings and other papers is required or permitted to be made upon a party represented by an attorney, the service shall be made upon the attorney unless service upon the party in person is ordered by the court. Service upon the attorney or upon a party shall be made by delivering a copy or by mailing it to the last-known address, or, if no address is known, by leaving it with the clerk of the court. Delivery of a copy within this section means: handing it to the attorney or to the party; or leaving it at his or her office with a clerk or other person in charge thereof; or, if there is no one in charge, leaving it in a conspicuous place therein; or, if the office is closed or the person to be served has no office, leaving it at his or her dwelling house or usual place of abode with some person of suitable age and discretion then residing therein. Service by mail is complete upon mailing. *The*

a summons upon a domestic or foreign corporation as follows:

"By serving the summons *in a manner specified by any other statute* upon the defendant or upon an agent authorized by appointment or by law to accept service of the summons for the defendant." (Emphasis added.)

Section 801.14 (2), Stats., mandates that service of pleadings and other papers be made upon a party by serving that party's attorney unless service upon the party in person is ordered by the court. Service upon an attorney or upon a party includes both delivery of a copy by handing it to the attorney or to the party or by mailing a copy to the last-known address of the attorney or the party.

We reject the plaintiffs' contention that sec. 801.14 (2), Stats., allows service of a summons on a foreign corporation by mail. Section 801.14 (2), is applicable only after the action has been commenced and an attorney has appeared in the action on behalf of a party. *In Matter of Petition of Elec. Power Co.*, 110 Wis. 2d 649, 657, 329 N.W.2d 186 (1983).

## II.

For the first time in its brief submitted to this court, Ideal-Werk raised the issue of whether service of process in this case was sufficient under the Hague Convention.[6] We are unable at this point to sufficiently make a

*first sentence of this subsection shall not apply to service of a summons or of any process of court or of any paper to bring a party into contempt of court."* (Emphasis added.)

[6] In 1967, the United States ratified the November 15, 1965, Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, commonly called the Hague Convention, a multinational treaty which took effect on

finding as to whether proper service was obtained in accordance with the Hague Convention.[7] We therefore remand this case so that the trial court can factually determine whether Michael Business Machines Corporation was Ideal-Werk's managing agent or agent authorized to accept service for Ideal-Werk and whether proper service under the Hague Convention was obtained here by serving Michael Business Machines Corporation or by any other method.

*By the Court.*—The decision of the court of appeals is affirmed, and the cause is remanded to the circuit court for further proceedings consistent with this opinion.

February 10, 1969. 20 U.S.T. 361, T.I.A.S. No. 6638, 658 U.N.T.S. 163. The Federal Republic of Germany is also a signatory to this convention. The Hague Convention was designed to facilitate the service of process and other documents in civil and commercial disputes among private litigants from different countries. 20 U.S.T. at 362.

[7] For cases discussing the applicability of the Hague Convention in instances involving service by mail, *see, Harris v. Browning-Ferris Industries Chem. Serv.,* 100 F.R.D. 775 (1984); *Rhoden v. Zeiss, Inc.,* —— F. Supp. —— (D. Mass. 1983); *Rivers v. Stihl, Inc.,* 434 So. 2d 766 (Ala. 1983); *Vorhees v. Fischer & Krecke,* 697 F.2d 574 (4th Cir. 1983); *Cintron v. W & D Machinery Co.,* 182 N.J. Super. 126, 440 A.2d 76 (1981); and *Dr. Ing H.C. F. Porsche A.G. v. Superior Court,* 123 Cal. App. 3d 755, 177 Cal. Rptr. 155 (1981).