IN RE the MARRIAGE OF: Mary Clare ARTIS-WERGIN, Petitioner-Respondent,

v.

Walter Wayne ARTIS-WERGIN, Respondent-Appellant.

Court of Appeals

*No. 89-0033. Submitted on briefs May 16, 1989.—Decided June 20, 1989.*

(Also reported in 444 N.W.2d 750.)

445

For respondent-appellant there were briefs by *Jerome A. Maeder* of *Jerome A. Maeder, S.C.*, Wausau.

For petitioner-respondent there was a brief by *Jeffrey A. Hertz* of *Mallery & Zimmerman, S.C.*, Wausau.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J.  Walter Artis-Wergin appeals an order denying a motion to vacate the judgment of divorce. Walter argues that the court did not have jurisdiction because Mary Clare Artis-Wergin was not a bona fide resident of Wisconsin; that the court did not have personal jurisdiction over Walter; and that the court failed to grant the relief required under the Soldiers' and Sailors' Civil Relief Act of 1940 (SSCRA), 50 U.S.C.A. secs. 501-591 (West 1981). We conclude that the trial court did have subject matter and personal jurisdiction, and that no further proceedings are necessary to guarantee Walter's rights under the SSCRA. Therefore, we affirm.

The facts necessary to a resolution of this appeal are as follows: Shortly after Walter and Mary Clare's wedding, which took place in Wausau in 1985, the couple returned to live in Europe where they had met. In 1987, Mary Clare returned to Wisconsin and eventually filed for a divorce. Walter, a United States Army Lieutenant Colonel, was based at the United States Embassy in Paris at the time service of the divorce papers was attempted. An authenticated copy of the summons and petition was mailed to him, but he never signed or returned the enclosed admission of service.

On September 7, 1987, Major John S. Albanese, a legal services officer at the Paris Embassy, wrote a letter to the clerk of court informing him that Walter "is not prepared at this time to waive his rights under the Soldiers' and Sailors' Civil Relief Act of 1940 . . .." Albanese further stated that Walter "has asked me to write to you to request a delay of six months before a response is due in this matter." Albanese did not expressly reserve a jurisdictional objection in the September 7 letter.

On September 21, the court responded to Albanese's letter and granted a six-month extension of time to answer. Walter then personally wrote to the court on November 18. In this letter, he requested a stay under the SSCRA "for the period of time mentioned in you[r] letter of September 21." He also made a jurisdictional objection: "I specifically request that this letter be construed only as a request for protection under the Soldiers' and Sailors' Civil Relief Act, and not be classified as an appearance."

On December 10, the trial court held a status conference at which Mary Clare and her attorney appeared personally and Walter was represented by Albanese, by telephone, from France. The judge noted on the record that Albanese voiced a concern about participating in the conference "because [he was] not authorized and licensed to practice law in the State of Wisconsin and above and beyond that, [he] did not wish to be making any appearance on behalf of [Walter]." The judge also stated that Walter "does not have an attorney to represent him in this action." Albanese did agree, however, to attempt to negotiate a settlement with Mary Clare's attorney.

The trial court found Walter to be entitled to the protection of the SSCRA at the time of the conference, because "at this stage [Walter's] ability to conduct a defense is materially affected by reason of his military service . . .." There is a dispute as to whether the trial judge extended the stay under the SSCRA at this conference. The record does not indicate that a request for an additional stay was made at the conference; the original stay would expire on March 21, 1988.

On December 30, 1987, a notice of a May 12, 1988, trial date was sent to Albanese. Negotiations apparently proceeded, and a second, off-the-record status confer-

449

ence was held on March 3, 1988. On March 18, the court sent a letter to Mary Clare, with a copy to Albanese, indicating that the divorce hearing was scheduled for May 12. On March 30, Albanese acknowledged receipt of the court's March 18 letter.

On May 12, the court proceeded with the divorce hearing, granted a divorce to Mary Clare, divided the marital property, and ordered maintenance payments. Walter neither appeared nor was represented by counsel at this trial. The court found that Walter was acting in bad faith by not appearing on May 12 after receiving repeated notice of the trial date, and that the six-month stay had expired. Given these findings, the court concluded that Walter was no longer entitled to any relief under the SSCRA.

The first issue on appeal is whether the trial court erred in finding that Mary Clare was a bona fide resident of Wisconsin at the time of the divorce proceeding, satisfying the requirements of sec. 767.05(1m), Stats. Walter concedes that this is an issue of fact, rather than one of law. A trial court's finding of residency under sec. 767.05(1m) must be sustained unless it is contrary to the great weight and clear preponderance of the evidence. *Dillon v. Dillon,* 46 Wis. 2d 659, 663, 176 N.W.2d 362, 364 (1970). The weight of the evidence and the credibility of witnesses are matters entirely within the province of the divorce court as the trier of fact. *Mecha v. Mecha,* 36 Wis. 2d 29, 35, 152 N.W.2d 923, 927 (1967).

Section 767.05(1m) provides:

> No action [for divorce or legal separation] may be brought unless at least one of the parties has been a bona fide resident of the county in which the action is brought for not less than 30 days next preceding

the commencement of the action . . .. No action [for divorce] may be brought unless at least one of the parties has been a bona fide resident of this state for not less than 6 months next preceding the commencement of the action.

The intent of the party claiming a new domicile is critical to a determination that the party is a bona fide resident. *See, e.g., Strandberg v. Strandberg,* 27 Wis. 2d 559, 567, 135 N.W.2d 241, 245 (1965). A party's residence is the location where she specifically intends to locate her home. *Id.* The intention required need not be to remain in a given place for all time; it is generally sufficient if the party presently intends to make the place one's home. *State ex rel. Ferebee v. Dillett,* 240 Wis. 465, 468, 3 N.W.2d 699, 700 (1942).

■ The trial judge determined that Mary Clare was, in fact, a bona fide resident of Wisconsin at the time of the commencement of the action. Mary Clare stated at trial that her intent was to make Wisconsin her permanent residence. She filed Wisconsin tax returns from 1981–84 and again in 1987, and maintained a Wisconsin driver's license for most of the period since 1980. She also maintained Wisconsin bank accounts during this period. We hold that the court's determination was not contrary to the great weight and clear preponderance of the evidence; therefore, the trial court had subject matter jurisdiction to decide the matter.

The second issue is whether the trial court had personal jurisdiction over Walter. Section 801.05(11), Stats., requires personal service on a respondent in a divorce action if he does not have local presence or status as described in sec. 801.05(1), and does not waive his jurisdictional defenses. There is no dispute that the attempted substituted service by mail was not sufficient

to satisfy the requirements of sec. 801.11 (personal jurisdiction, manner of serving summons for). Thus, the only issue presented on appeal is whether Albanese's September 7 letter constituted an appearance as specified in sec. 801.06, resulting in a waiver of any jurisdictional objection.

The application of a statute to a particular set of facts is a question of law, and the court of appeals decides the issue independent of the trial court's determination. *Wachniak v. Estate of Frank,* 140 Wis. 2d 429, 431, 410 N.W.2d 621, 622 (Ct. App. 1987). Section 801.06 provides that a court having jurisdiction over the subject matter of the action may exercise personal jurisdiction "over any person who appears in the action and waives the defense of lack of jurisdiction over his or her person as provided in s. 802.06(8)." An objection to personal jurisdiction will be waived "only 1) if it is omitted from a motion [consolidating defenses], or 2) if it is neither made by motion under this section nor included in a responsive pleading." Sec. 802.06(8)(a), Stats.

The term "appearance" is generally used to signify an overt act by which one against whom a suit has been commenced submits himself to the court's jurisdiction. *McLaughlin v. Chicago, Milw., St. P. & Pa. Ry. Co.,* 23 Wis. 2d 592, 594, 127 N.W.2d 813, 815 (1964). "[W]here an appearance is made and relief is sought on other matters, the lack of personal jurisdiction objection is waived." *Lees v. DILHR,* 49 Wis. 2d 491, 499, 182 N.W.2d 245, 250 (1971). An objection to the court's jurisdiction is not waived because it has been joined with other defenses or motions, but an appearance of a defendant who does not object to the jurisdiction over his person is an appearance and equivalent to personal ser-

vice. *R.B. Gen'l Trucking, Inc. v. Auto Parts & Serv., Inc.*, 3 Wis. 2d 91, 97, 87 N.W.2d 863, 866 (1958).

Walter contends that the holding in *Sacotte v. Ideal-Werk Krug and Priester Machinen-Fabrik,* 121 Wis. 2d 401, 359 N.W.2d 393 (1984), governs here. In *Sacotte,* the court held that a letter from the defendant's attorney did not constitute an appearance. However, *Sacotte* is not controlling in the present case because the letter in *Sacotte* was sent to the opposing attorney, where here the communication was with the trial court. Walter, by his authorized agent, Albanese, requested and received affirmative relief from the court in the form of a stay of proceedings under the SSCRA.

Albanese contacted the court on September 7 because he had been authorized by Walter to do so. In that letter, he did not object to the court's exercise of personal jurisdiction over Walter. We conclude that a party cannot enter an appearance, request affirmative relief from the court, and then later argue that the court was without personal jurisdiction. Therefore, Major Albanese's letter as Walter's agent to the trial court requesting a stay of proceedings under the SSCRA and failing to reserve a jurisdictional objection served as an appearance and gave the court personal jurisdiction.

The third issue is whether Walter received the relief he was entitled to under the SSCRA, 50 U.S.C.A. secs. 501–591. Walter claims that he was entitled to relief under two separate sections of the Act: sec. 520, which requires the appointment of an attorney prior to the entry of any default judgment when a party has not made an appearance before the court; and sec. 521, which provides for a stay of proceedings unless the court determines that a party's right to prosecute or defend are

"not materially affected by reason of his military service." Given our holding that Walter made an appearance by virtue of Major Albanese's September 7 letter to the court, we will not address any rights he claims under sec. 520, but only those claimed under sec. 521.

Section 521 provides:

> At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and *shall*, on application to it by such person or some person on his behalf, be stayed as provided in this Act . . . unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service. (Emphasis supplied.)

Walter applied for, and was granted, a six-month stay of the proceedings under sec. 521. This stay expired on March 21, 1988, well before the scheduled trial date. The record does not show a request for an additional stay under the SSCRA. The trial court afforded Walter his rights under the SSCRA and thus did not err by proceeding with the divorce trial as scheduled.

*By the Court.*—Order affirmed.