IN RE the PATERNITY OF K.J.E.: L.R.E., Petitioner-Respondent,

v.

R.E.J., a/k/a H.J., Jr., Respondent-Appellant.†

Court of Appeals

*No. 91-2212-FT. Submitted on briefs March 4, 1992.—Decided March 18, 1992.*

(Also reported in 483 N.W.2d 588.)

†Petition to review denied.

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Paul Barrett* of *Barrett Law Offices, Ltd.* of Elkhorn.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Michael S. Haggenjos,* assistant corporation counsel.

Before Nettesheim, P.J., Brown and Snyder, JJ.

BROWN, J. The issue in this paternity case is whether R.E.J. waived his personal jurisdiction defense when he completed, signed and returned the form entitled "Waiver of First Appearance" to the circuit court prior to objecting to jurisdiction. The trial court ruled that he did, and we granted R.E.J.'s petition to review this nonfinal order because two unpublished decisions of the court of appeals had reached opposite conclusions on the issue. Because we hold that the returned waiver form was a responsive pleading, and because Wisconsin law requires personal jurisdiction objections to be made before or at the time of the first responsive pleading, we affirm.

The child involved in this action was born in May 1990. On or about November 19, 1990, R.E.J. received a summons at his Florida home. The summons was issued pursuant to sec. 767.455, Stats., and alleged paternity. Pursuant to sec. 767.455(5), the summons gave a date for a first court appearance and provided:

If you do not appear, the court will enter a default judgment finding you to be the father . . .. If you plan to be represented by an attorney, you should contact the attorney prior to the court appearance listed above. If you are unable to afford an attorney, the court will appoint one for you. Appearance is not required if you complete the attached waiver of first appearance statement and send it to the court at least 10 days prior to the date of your scheduled appearance in this summons.

A "Waiver of First Appearance" form was attached to the summons as required by sec. 767.455(5r), Stats. It provided in part:

1. I understand that by signing this waiver and agreeing to its terms I am not required to appear at the time and place specified in the summons. If I do not sign this statement, I am required to appear at the time and place specified in the summons.

2. I understand that I will be notified by the court of all future stages in the proceeding and agree to appear at those stages. If I fail to appear at any stage, including a scheduled blood test, the court will enter a default judgment finding me to be the father.

The waiver form also contained a section where the respondent was required to check what plea he was entering. His options were to agree that he was the child's father, to deny that he was the child's father, or to agree that he was the child's father, subject to confirmation by a blood test. Section 767.455(5r).

R.E.J. checked the line indicating that he denied paternity and returned the "Waiver of First Appearance" form to the circuit court. Subsequently, counsel was appointed for him through the state public defender's office.

On April 15, 1991, R.E.J. filed a motion to dismiss for want of personal jurisdiction, arguing that he lacked sufficient minimum contacts with Wisconsin to justify Wisconsin's exercise of long-arm jurisdiction. This motion was heard before a family court commissioner, who held that the filing of the waiver form was an overt act by which R.E.J. submitted himself to the court's jurisdiction. She held that because R.E.J. filed the waiver form, entered a plea and sought relief from the requirement that he appear at the initial appearance date, he waived his objection to lack of personal jurisdiction.

R.E.J. filed a motion for review of the family court commissioner's decision in the trial court, and the trial court affirmed the family court commissioner. R.E.J. then filed the petition for leave to appeal.

Under the rules of civil procedure, a defense of lack of personal jurisdiction is waived if not raised in a defendant's answer, in a motion filed before the answer, or in a responsive pleading. Section 802.06(2) and (8)(a), Stats. In addition, case law holds that where an appearance is made and relief is sought on other matters, a defendant's objection to lack of personal jurisdiction is waived. *Artis-Wergin v. Artis-Wergin,* 151 Wis. 2d 445, 452, 444 N.W.2d 750, 753 (Ct. App. 1989). In *Artis-Wergin,* this court held that when an attorney wrote to the trial court requesting that it stay proceedings, and did not reserve a jurisdictional objection, his action served as an appearance by the nonresident defendant and gave the trial court personal jurisdiction. *Id.* at 453, 444 N.W.2d at 753–54.

In this case, R.E.J. entered a plea on the "Waiver of First Appearance" form. His entry was a response to the directive given to him by the form demanding that he

indicate what kind of plea he was entering. By denying paternity, he also indicated his agreement to undergo a blood test. The Walworth County Corporation Counsel, acting on behalf of the mother, asserts that these acts "answered directly the allegations made in the paternity action." Therefore, because it was responsive and made before any objection to personal jurisdiction, the objection is waived. The corporation counsel further asserts that if a letter sent to the court requesting an extension of time within which to answer constitutes an appearance, as was the case in *Artis-Wergin,* then certainly R.E.J.'s response waives jurisdiction as well.

R.E.J. argues that he did not make an appearance because, on its face, the "Waiver of First Appearance" form waives only an appearance. Based on this language, R.E.J. contends that a layperson could easily presume that returning the form does not constitute an appearance. He also relies on the language of the form providing that:

> I understand that by signing this waiver and agreeing
> to its terms I am not required to appear at the time
> and place specified in the summons.

Based on the title and language of the form, R.E.J. argues that a plain reading of its language would indicate that the legislature did not intend the filing of the form to constitute an appearance.

He also argues that, at a minimum, the language is ambiguous. To resolve the ambiguity, he reads the popular or everyday meaning of such phrases as "[a]ppearance is not required" or "[y]ou need not appear" or "I am not required to appear" as saying to the layperson that "you don't have to show up, and if you don't show up, you have not made an appearance." R.E.J. observes that we must read statutes so as to avoid

absurdity. He then reasons that if a person is told he can avoid making an appearance if he follows certain procedures, and then follows such procedures to avoid making that appearance, he has avoided or not made that appearance. To then use the answers required of him by the form as a basis for finding an appearance would be contrary to the language of the form and would be unreasonable.

The application of a statute to a particular set of facts is a question of law, and the court of appeals decides the issue independent of the trial court's determination. *Artis-Wergin,* 151 Wis. 2d at 452, 444 N.W.2d at 753. We hold that R.E.J. waived any objection to personal jurisdiction when he returned the form to the circuit court. First, the form required that he admit to or deny paternity in order to take advantage of not having to appear in person to answer the summons and complaint. Under our paternity statutes, the legislature has explicitly directed that this form be provided to a respondent and, if the respondent chooses to use the form, that answers to the form be made. As such, the form is a legislatively prescribed "responsive pleading." R.E.J.'s answers on the form were *responsive* to the complaint. Under sec. 802.06(8)(a), Stats., failure to object to personal jurisdiction prior to a responsive pleading constitutes waiver.

Second, a plain meaning of the statute mandating the use of this form cannot be read as a legislative intention to use the form as a "nonappearance." Rather, the opposite is true. Had R.E.J. come in person before the court, he would have had to admit or deny paternity; had he denied paternity, he would have had to agree to submit to a blood test. The procedure providing for use of a

form serves merely as a substitute to this first appearance. By this procedure, a putative father may elect to appear in person or appear by mail. Either way, he is notified of all his rights and defenses, the allegations made against him, and the financial obligations he faces if found to be the father. By filing the form, he affirmatively states that he has read the form, he understands it, and if he fails to be present for any further proceedings, a default judgment can be rendered against him. We agree with the corporation counsel that, on its face, the form prescribed by the legislature allows a first appearance to be made "out of court" as a matter of judicial economy and for the convenience of the respondent.

R.E.J. argues that holding as we do will condone what he calls a "sharp practice," whereby an unsuspecting, but reasonable, individual will comply with the procedures of the waiver, believing he is not making an appearance. This practice will be used to gain jurisdiction over putative fathers, such as himself, who ordinarily would not be subject to such jurisdiction. He questions whether the legislature intended to write a law capitalizing on an out-of-state person's desire to avoid traveling to Wisconsin in order to gain jurisdiction, otherwise unattainable.

In answer, we can only repeat the time-honored maxim that ignorance of the law is no excuse. The term "appearance" is generally used to signify an overt act by which one against whom a suit has been commenced submits himself to the court's jurisdiction. *Artis-Wergin,* 151 Wis. 2d at 452, 444 N.W.2d at 753. By pleading to the court, albeit by mail, R.E.J. submitted himself to the court's jurisdiction. Thus, he is in no better position than a person served with divorce papers, or an individual who has received a forfeiture citation, or

a defendant in a personal injury action who affirmatively responds to the court prior to receiving legal advice.

*By the Court.*—Order affirmed.