**COURT OF APPEALS
DECISION
DATED AND FILED**

**September 11, 2019**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2018AP414**

**STATE OF WISCONSIN**

Cir. Ct. No. 2017CV470

**IN COURT OF APPEALS
DISTRICT II**

SCOTT CARRINGTON MATTHEW,

   PLAINTIFF-APPELLANT,

 V.

ELITE TEAM AUTO BROKERS, LLC, EFRAIN COLORADO, ANA ELVIRA GARCIA AND CARLOS MIGUEL ORTEGA,

   DEFENDANTS-RESPONDENTS,

DIANA DEGRACIA CHIN,

   DEFENDANT.

        APPEAL from an order of the circuit court for Fond du Lac County: RICHARD J. NUSS, Judge. *Affirmed*.

        Before Neubauer, C.J., Reilly, P.J., and Gundrum, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1   PER CURIAM.  Scott Carrington Matthew appeals an order (1) vacating a default judgment entered in Matthew's favor against Elite Team Auto Brokers, LLC, its owners, and a manager (collectively, Elite) and (2) dismissing Matthew's action without prejudice for lack of personal jurisdiction under WIS. STAT. § 801.05 (2017-18).[1]  For the reasons that follow, we affirm.

¶2   Matthew is a resident of Wisconsin.  Using the internet, he purchased a vehicle from Elite from a car dealership located in Florida.  According to Matthew's complaint, he "was seeking a 'pure' southern car, entirely devoid of the rust so common due to the effects of Wisconsin winters."  He responded to Elite's advertisement and wired the purchase price.  Matthew did not inspect the vehicle prior to delivery, and he made arrangements with a separate company to transport the vehicle to Wisconsin.

¶3   On November 14, 2017, Matthew filed a complaint alleging civil theft, fraud, and breach of contract in connection with the vehicle's purchase.  The complaint was served on November 16, 2017, along with a summons indicating that Elite had twenty days to respond.

¶4   On December 14, 2017, Elite filed a motion asking the circuit court for an extension of time to file a response.  Elite's motion stated that it was mailed on December 5, 2017, its response was due on December 6, 2017, and it requested a forty-five day extension.  Elite asserted that it resided in Florida and had not yet

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

been able to retain counsel, and that the parties were attempting to settle the case which might require Elite to travel to Wisconsin. The circuit court denied the motion on the ground that it was filed after the time for answering had expired, and stated that Matthew was entitled to a default judgment. On December 19, 2017, the circuit court entered default judgment against Elite.

¶5    Elite retained Wisconsin counsel and on January 8, 2018, filed a motion to vacate the default judgment and to dismiss the complaint for lack of personal jurisdiction. The motion alleged that Matthew erroneously filed and served a twenty-day summons when WIS. STAT. § 801.09(2)(a)3.b. required a summons notifying Elite that it had forty-five days to respond because Matthew's "complaint has causes of action sounding in tort." The motion further alleged that the court lacked personal jurisdiction over Elite:

> Here, we have out of state defendants, doing business wholly within another state, who have not sought out business specifically in Wisconsin. Plaintiff went online to look at an add (sic) and he reached out and called the defendants in Florida. A Bill of Sale was e-mailed and Plaintiff signed and returned it to them in Florida. Plaintiff wired the purchase money to Florida. Plaintiff sent his own agent to take delivery of the vehicle in Florida.

Finally, Elite's motion and its attachments asserted that Matthew's complaint omitted material facts bearing on the merits of his claims, including that the vehicle was purchased "AS-IS No Warranties."

¶6    At a hearing on January 16, 2018, the circuit court granted Elite's motion to vacate the default judgment, explaining that subsequent information provided by Elite called into question the propriety of the court's decision to terminate the case by default. Citing the twenty-day summons and potential issues regarding both personal jurisdiction and the merits of Matthew's claims, the court

determined that the interests of justice and considerations of fairness "require[d] further judicial intervention."

¶7 After vacating the judgment, the circuit court turned to Elite's motion to dismiss and stated it would allow Matthew more time "to present to the Court, by affidavit, in affidavit form, some basis that you believe these defendants justify your permitting the State of Wisconsin to be an appropriate jurisdiction for you to file your action." The court explained that nothing in the record showed that Elite had contacts with Wisconsin sufficient to satisfy the statutory requirements for long-arm jurisdiction and that Elite's attorney needed to know "where you're coming from on this." Matthew continued to argue that he had not received his day in court on the motion to vacate. The court again explained that it had made its decision to reopen on its "recogni[tion] that in the interests of justice, these—this case needs further reflection before somebody is held hostage on a judgment that they may not rightfully be entitled to."

¶8 Matthew told the court he had nothing to add "because my understanding is that the long-arm statute raises a presumption of due process and lack of minimum contacts is a defense that has to be raised…. So, I believe I'm entitled to the presumption and they've made an appearance and, so, they've waived jurisdiction." The circuit court again explained,

> there are issues here that I don't think it's right for a Court just to turn its head on that and say too bad, so sad, I filed, they're barred, they appeared, game over. There is an interest of justice side of everything that we do and we want to make sure that, in the end, what is done is what, in fact, is fair.

The court reiterated that it would give Matthew additional time to demonstrate that Elite "has substantial activity in the State of Wisconsin" or face dismissal.

4

Matthew maintained that he disagreed with the court's position and would not be adding further evidence to establish the court's jurisdiction over Elite. The circuit court dismissed the complaint on Elite's motion, without prejudice.

¶9 On appeal, Matthew makes a number of overlapping and repetitive arguments that are hard to follow. For clarity, we address the circuit court's predicate decision to vacate the default judgment before we address the dismissal of Matthew's complaint. *See* **State v. Waste Mgmt. of Wis., Inc.**, 81 Wis. 2d 555, 564, 261 N.W.2d 147 (1978) (we are not required to address appellate arguments in the manner in which a party has structured the issues). To the extent we do not address one of Matthew's arguments, that argument is deemed rejected. **Id.** ("An appellate court is not a performing bear, required to dance each and every tune played on appeal.").

*The circuit court properly exercised its discretion in vacating the default judgment.*

¶10 WISCONSIN STAT. § 806.07 provides the terms under which a court may relieve a party from a judgment, including a catch-all provision which allows a party to seek relief for "[a]ny other reasons justifying relief from the operation of the judgment," *see* § 806.07(1)(h), based on the existence of extraordinary circumstances, *see* **Miller v. Hanover Ins. Co.**, 2010 WI 75, ¶¶32, 34, 326 Wis. 2d 640, 785 N.W.2d 493. Such circumstances exist where "the sanctity of the final judgment is outweighed by the incessant command of the court's conscience that justice be done in light of *all* the facts." **Id.**, ¶35 (quoting **Sukala v. Heritage Mut. Ins Co.**, 2005 WI 83, ¶12, 282 Wis. 2d 46, 698 N.W.2d 610). The catch-all provision "gives the trial court broad discretionary authority" and "is to be liberally construed to provide relief from a judgment whenever appropriate to

5

accomplish justice." *Miller*, 326 Wis. 2d 640, ¶33 (citations omitted). In determining whether to afford relief from a judgment, the circuit court bears in mind the competing interests of finality and fairness and considers a wide range of factors including:

> whether the judgment was the result of the conscientious, deliberate and well-informed choice of the claimant; whether the claimant received the effective assistance of counsel; whether relief is sought from a judgment in which there has been no judicial consideration of the merits and the interest of deciding the particular case on the merits outweighs the finality of judgments; whether there is a meritorious defense to the claim; and whether there are intervening circumstances making it inequitable to grant relief.

*Id.*, ¶36 (quoting *Sukala*, 282 Wis. 2d 46, ¶11).

¶11 We review a circuit court's decision to vacate a default judgment under the erroneous exercise of discretion standard. *Miller*, 326 Wis. 2d 640, ¶29. We will not reverse a discretionary determination if the record shows that discretion was in fact exercised and we can perceive a reasonable basis for the court's decision. *Id.*, ¶30. We generally look for reasons to sustain a discretionary determination. *Id.*

¶12 The circuit court properly exercised its discretion in vacating the default judgment. It applied the proper legal standard, employing an "interests of justice analysis" and determining that principles of fairness outweighed the interest in finality. The court considered proper and relevant factors, including that Elite was located in Florida and filed a pro se extension motion in response to a misleading summons; the judgment was entered without counsel and based on a perceived procedural default; Elite's postjudgment motion provided new information that cast doubt on the merits of Matthew's claims and his likelihood

of ultimate success; and Elite's motion called into question whether the circuit court had personal jurisdiction over it as a nonresident defendant. Further, Elite acted quickly to remedy the situation. The court's decision was demonstrably reasonable.

*The circuit court properly dismissed the complaint on jurisdictional grounds.*

¶13    Whether a court has personal jurisdiction over an out-of-state defendant is a question of law subject to de novo review. ***Marsh v. Farm Bureau Mut. Ins. Co.***, 179 Wis. 2d 42, 52, 505 N.W.2d 162 (Ct. App. 1993). The question involves a two-step inquiry. ***Kopke v. A. Hartrodt S.R.L.***, 2001 WI 99, ¶8, 245 Wis. 2d 396, 629 N.W.2d 662 (citation omitted). The court first determines if the statutory requirements for long-arm jurisdiction are satisfied. ***Id***. If so, then the court considers whether the exercise of long-arm jurisdiction satisfies the nonresident's constitutional due process rights. ***Id***. The plaintiff bears "the minimal burden of establishing a prima facie threshold showing" that both the statutory and the constitutional requirements are satisfied. ***Id***. (citation omitted).

¶14    We agree with Elite that Matthew has not set forth the statutory requirements necessary for long-arm jurisdiction under WIS. STAT. § 801.05. With regard to § 801.05(1)(d), nothing in the record supports Elite's "engage[ment] in substantial and not isolated activities within this state." Matthew, himself, does not argue that Elite's minimal contacts—its internet advertisement and correspondence with Matthew—constitute "substantial and not isolated" activity in Wisconsin for purposes of § 801.05(1)(d).

7

¶15    Instead, Matthew maintains that he made a prima facie case for long-arm jurisdiction under WIS. STAT. § 801.05(5)(e), which allows for personal jurisdiction in actions "relat[ing] to goods, documents of title, or other things of value actually received by the plaintiff in this state from the defendant without regard to where delivery to carrier occurred."  By its plain language, paragraph (5)(e) does not apply.  Matthew did not receive the vehicle in Wisconsin from Elite as his carrier, not Elite's, received it in Florida.  Matthew provides no on-point legal authority to support his contention that he received the vehicle in Wisconsin.  Matthew's apparent reliance on *Capitol Fixture & Woodworking Group v. Woodma Distribs., Inc.*, 147 Wis. 2d 157, 432 N.W.2d 647 (Ct. App. 1988), is misplaced.  In *Capitol Fixture*, the court determined that § 801.05(5)(e) was satisfied where Woodma, the nonresident defendant, delivered machinery "to Wisconsin pursuant to the parties' contract" and "sent a technician to Wisconsin to install the machine."  *Capitol Fixture*, 147 Wis. 2d at 162.  *Capitol Fixture* is materially distinguishable and does not support Matthew's position.  Therefore, we need not reach the due process inquiry.

¶16    We also reject Matthew's contention that Elite "waived" any objection to personal jurisdiction either by (1) filing an extension motion that did not object to personal jurisdiction, or (2) "wait[ing] 53 days before raising an objection to jurisdiction, thus making the objection untimely by 33 days." WISCONSIN STAT. § 802.06(8)(a). provides that the defense of lack of personal jurisdiction is waived *only* if it is omitted from a motion made under § 802.06(7) or if "[t]he defense is neither made by motion under this section nor included in a responsive pleading."  Sec. 802.06(8)(a)1.- 2.  Here, the case was dismissed before Elite filed its answer, or "responsive pleading," and the jurisdictional objection was filed as part of Elite's motion to dismiss, which was filed before the judgment

was reopened. Under the plain language of the statute, Elite's objection was not "waived," and the cases on which he relies are inapt.[2]

¶17    Finally, Matthew asserts for the first time on appeal that because his complaint alleged civil theft, a statutory claim, Elite was only entitled to a twenty-day summons. *See* WIS. STAT. § 801.09(2)(a)1. We fail to see how this argument relates to the propriety of the order for dismissal. Regardless, Matthew did not make this argument in the circuit court and, in fact, took the position both orally, at the hearing, and in his written circuit court brief, that if Elite had filed a responsive pleading within forty-five days instead of waiting "53 days," the problem would have been avoided. Further, the statute requires a forty-five day notice when any cause of action in the complaint sounds in tort. Sec. 801.09(2)(a)3.b. Matthew does not minimally discuss the nature of his second cause of action.

*By the Court.*—Order affirmed.

---

[2] For example, Matthew cites ***Artis-Wergin v. Artis-Wergin***, 151 Wis. 2d 445, 444 N.W.2d 750 (Ct. App. 1989), for the proposition that a party's "appearance" and affirmative request for relief constitutes a waiver of personal jurisdiction. In ***Artis-Wergin***, the husband was not properly served, but he sent a letter through a legal services' officer requesting affirmative relief, namely, a six-month stay under the Soldiers' and Sailors' Civil Relief Act of 1940. *Id*. at 448. After the stay expired, he challenged the manner of service. *Id*. at 451-52. This court held that he waived the objection by entering an appearance and seeking affirmative relief. *Id*. at 453. However, requesting a routine extension motion is not comparable to requesting the affirmative statutory stay sought in ***Artis-Wergin***, nor are the protections of the long-arm defense akin to the protections of personal service of process. The purpose of personal service is to ensure proper notice; by his appearance, the husband in ***Artis-Wergin*** demonstrated that he received notice. *See id*. at 452-53 (noting that an appearance is "equivalent to personal service"). Waiving a defect in notice is not comparable to waiving the right to a convenient forum, the latter of which implicates constitutional due process protections. Further, the circuit court in this matter did not treat Elite's extension motion as an appearance—it denied the requested relief and defaulted Elite.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.