McQUAY-PERFEX, INC., and Johnson Controls, Inc., Plaintiffs-Respondents,

v.

WISCONSIN TELEPHONE COMPANY, Defendant-Appellant. †

Court of Appeals

*No. 84-2243. Submitted on briefs November 11, 1985.—Decided December 12, 1985.*
(Also reported in 381 N.W.2d 587.)

For the defendant-appellant the cause was submitted on the briefs of *F. D. Huber, Jr.* of Milwaukee.

For the plaintiff-respondent McQuay-Perfex, Inc., the cause was submitted on the brief of *Larry W. Barton* and *Nowlan & Mouat* of Janesville, and *James K.*

---

† Petition to review pending. This petition was not decided at the time the volume went to press. Its disposition will be reported in a later volume.

*Sander* and *Wagner, Johnston & Falconer, Ltd.* of Minneapolis, MN.

For the plaintiff-respondent Johnson Controls, Inc., the cause was submitted on the brief of *Ross A. Anderson* and *Frisch, Dudek and Slattery, Ltd.* of Milwaukee.

Before Dykman, Eich and LaRocque, JJ.

EICH, J.     Wisconsin Telephone Company appeals from a summary judgment enforcing a mechanic's lien on its office and equipment building in Janesville. The issue is whether the materials and services provided by the lien claimants, Johnson Controls, Inc., and McQuay-Perfex, Inc., constituted "improvements" to the building within the meaning of sec. 779.02(1)(c), Stats., so as to relieve Johnson and McQuay from the need to comply with statutory notice of lien requirements. We conclude that the work done does not come within the statutory definition and therefore reverse.

We follow the same procedure as the trial court in summary judgment cases—a procedure so well-known as to render further discussion unnecessary.[1] The pleadings raise and join the issue, and the parties' affidavits in support of their cross-motions for summary judgment disclose no material dispute of fact. We therefore proceed to decide the legal question.

Sections 779.02(2)(b) and (3), Stats., require lien claimants to give notice to property owners as a condition precedent to enforcing the lien. Section 779.02(1)(c) abrogates the notice requirement where the labor and materials were furnished "for an improvement . . . where more than 10,000 total usable

---

[1] *See, e.g., In re Cherokee Park Plat,* 113 Wis.2d 112, 115–16, 334 N.W.2d 580, 582–83 (Ct. App. 1983).

square feet of floor space is to be provided or added by such work of improvement."

Wisconsin Telephone contracted with a general plumbing and heating contractor to substantially replace, renovate and improve the heating and air conditioning system in its Janesville building. The project was large, complex and expensive. The project manual alone comprises some 160 pages and the total bid price was $148,000. The building had more than 10,000 feet of usable floor space, and none of the work done by Johnson and McQuay resulted in any structural alterations or additions.

McQuay, a manufacturer of air conditioning and heating equipment, supplied a substantial amount of "elaborate" cooling equipment for the project and performed certain "start-up" work when all systems were in place. Johnson, a designer and installer of temperature control systems, provided and installed a variety of automatic air and water handling controls and made certain modifications to the electrical wiring and other components of the building's heating and air conditioning system. Neither McQuay nor Johnson was paid for the labor and materials they furnished to the project, and neither served the initial lien notice under sec. 779.02(2)(b) and (3), Stats.

The trial court acknowledged that "no structural modifications [were] made" to the building. Noting that lien statutes are "generally . . . liberally appl[ied]," however, the court construed the exemption in sec. 779.02(1)(c), Stats., as applicable to situations where "somebody is applying some work to [a building with more than] 10,000 square feet." Construction of a statute is a question of law which we review *ab initio*, without deference to the trial court. *Sacotte v. Ideal-Werk*

*Krug & Priester,* 121 Wis.2d 401, 405, 359 N.W.2d 393, 395 (1984).

Statutes providing lien remedies to laborers and materialmen should be liberally construed in favor of the lien claimants. *City Lumber & Supply Co. v. Fisher,* 256 Wis. 402, 406, 41 N.W.2d 285, 287 (1950). Johnson and McQuay argue that such a construction compels affirmance on the facts of this case, relying primarily on *Sullivan Bros. v. State Bank of Union Grove,* 107 Wis.2d 641, 321 N.W.2d 545 (Ct. App. 1982), and *Troutman v. FMC Corp.,* 115 Wis.2d 683, 340 N.W.2d 581 (Ct. App. 1983). We disagree.

In *Sullivan,* the court determined that the word "alteration" in the definition of improvement found in sec. 779.01(2), Stats.,[2] "indicates that the term . . . is intended to cover alterations that are made. This quite clearly extends to remodeling." *Sullivan* at 645, 321 N.W.2d at 547. The *Sullivan* court dismissed without comment appellant's argument that the additional phrase in sec. 779.02(1)(c) —"where more than 10,000 total usable square feet . . . is to be *provided or added* by such work of improvement"—means just that. (Emphasis added.)[3] Thus, the court never considered the effect of the underscored language.

---

[2] Section 779.01(2)(a), Stats., provides:

"Improve" or "improvement" includes any building, structure, erection, fixture, demolition, alteration, excavation, filling, grading, tiling, planting, clearing or landscaping which is built, erected, made or done on or to land for its permanent benefit. This enumeration is intended as an extension rather than a limitation of the normal meaning and scope of "improve" and "improvement."

[3] The court stated that because the word "improvement" was defined in ch. 779, Stats., it need not consider anything further: "It is only when a word or phrase is . . . not specifically defined in [the

In addition, we consider *Sullivan* to be distinguishable because there the project involved a two-floor, 7,208 square-foot structural addition to an existing building, as well as a "remodeling" of the original 3,985 square foot structure. In this case, the work, however complex or expensive, related only to the building's internal heating and cooling system. It was not, as in *Sullivan,* a "remodeling" project—an "alteration" of the structure which nearly tripled its size.

In *Troutman,* the issue was whether roofing repairs came within the definition of "improvement" in sec. 779.01(2), Stats. The court looked to the dictionary definition of the word "repair" as "to fix or restore" and concluded that repairs were not the type of improvement contemplated by the statute. *Id.* at 687, 340 N.W.2d at 584. We have no dispute with the *Troutman* court's definition of "repair," and we agree with Johnson and McQuay that the work done on appellant's building could be considered something more than mere repairs. We also agree that the statutory term "improvement" may be read to include alterations or remodeling.

We do not agree, however, that the work done by Johnson and McQuay, however much it may have altered or remodeled the building's internal heating and cooling system, "provided or added" 10,000 feet of floor space within the meaning of sec. 779.02(1)(c), Stats. To

statute] that common and approved usage . . . and other accepted rules of statutory construction apply." *Id.* at 646, 321 N.W.2d at 547.

The "provided or added" language of sec. 779.02(1)(c), Stats., does not go to the definition of "improvement," however, but to situations in which the lien claimant's work is exempt from the notice requirement; that is, when the improvement "provides or adds" 10,000 square feet of floor space.

so conclude would do violence to the plain language of the statute. To "provide" is to equip, furnish or supply for use; and to "add" is to "bring about an increase (as in number [or] size)," to enlarge or make an addition. *Webster's Third New International Dictionary* 2817, 24 (1976). Johnson and McQuay were not exempt from the lien notice requirements of sec. 779.02(2)(b), Stats.

*By the Court.*—Judgment reversed and cause remanded for further proceedings.