UNITED STATES FIRE PROTECTION, WISCONSIN, INC.,
Plaintiff-Appellant,

v.

ST. MICHAEL'S HOSPITAL OF FRANCISCAN SISTERS,
Milwaukee, Inc., Defendant-Respondent.†

Court of Appeals

*No. 97–3426–FT. Submitted on briefs April 2, 1998.—Decided
August 11, 1998.*

(Also reported in 585 N.W.2d 659.)

†Petition to review denied.

410

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *James T. Moczydlowski* of *Polacheck and Harris*, of Milwaukee.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Sean Lanphier* of *Michael, Best & Friedrich, LLP*, of Milwaukee.

Before Wedemeyer, P.J., Fine and Curley, JJ.

FINE, J.   United States Fire Protection appeals from the trial court's judgment in favor of St. Michael's Hospital. The issue is whether a construction lien filed by United States Fire against property owned by St. Michael's Hospital is valid. The trial court concluded that the lien was invalid because United States Fire did not comply with the sixty-day lien notice requirement of § 779.02(2)(b), STATS. We conclude that United States Fire was exempt from the sixty-day notice requirement by virtue of § 779.02(1)(c), STATS. Accordingly, we reverse.

The facts are undisputed. United States Fire installed a sprinkling system that permitted St. Michael's Hospital to convert an area of its facility devoted to chemical dependency into a sub-acute care unit, similar to a nursing home. Without the sprinkler system, St. Michael's Hospital could not have used the area, which exceeds 10,000 square feet, for sub-acute

411

care purposes. St. Michael's Hospital paid the general contractor, Iglinski Brothers, Inc., for its work, but Iglinski Brothers failed to pay United States Fire. United States Fire filed a claim for a lien against the hospital. United States Fire did not, however, serve St. Michael's Hospital with a sixty-day notice-of-lien-rights pursuant to § 779.02(2)(b), STATS.

■

Sections 779.02(2)(b) and (3), STATS., require lien claimants to give notice to property owners as a condition precedent to enforcing a lien. This notice need not be given, however, where the labor and materials were furnished "for an improvement . . . where more than 10,000 total usable square feet of floor space is to be provided or added by such work of improvement, if the improvement is partly or wholly nonresidential in character." Section 779.02(1)(c), STATS. Whether United States Fire was exempt from the notice requirement is a question of law that we review independently of the trial court's determination. *See Riverwood Park, Inc. v. Central Ready-Mixed Concrete, Inc.*, 195 Wis. 2d 821, 826, 536 N.W.2d 722, 724 (Ct. App. 1995). We construe "[s]tatutes providing lien remedies to laborers and materialmen . . . liberally . . . in favor of the lien claimants." *McQuay-Perfex, Inc. v. Wisconsin Tel. Co.*, 128 Wis. 2d 231, 234, 381 N.W.2d 586, 588 (Ct. App. 1985).

Relying on *Riverwood Park*, 195 Wis. 2d at 832–833, 536 N.W.2d at 726, United States Fire argues that its work "provided or added" 10,000 feet of space because the hospital could not use the area for its intended purpose, sub-acute care, unless the sprinkler system was installed. In *Riverwood Park*, a subcontractor argued that there should be no distinction between work that adds square feet of space to an existing build-

ing, and work that is equally essential to use of already existing space, even though the work does not add to the actual square footage. *See id.*, 195 Wis. 2d at 828, 536 N.W.2d at 724–725. We agreed, holding that providing concrete for construction of utility laterals "provided or added" residential family units within the meaning of § 779.02(1)(c), STATS., and that there is no requirement that the "improvement alone must provide or add the dwellings." *Id.*, 195 Wis. 2d at 832–833, 536 N.W.2d at 726.

■

St. Michael's Hospital, on the other hand, argues that 10,000 square feet of floor space was not provided or added by the improvement because the floor space was usable as a chemical-dependency area before the work was performed, and relies on *McQuay-Perfex*, 128 Wis. 2d at 235, 381 N.W.2d at 589, which held that work done by the lien claimants altering a building's internal heat and cooling system did not provide or add 10,000 square feet of floor space within the meaning of the lien statute. In *McQuay-Perfex*, unlike here, the space was usable for its intended purpose irrespective of whether the heating and air conditioning were remodeled. Here, however, St. Michael's Hospital could not use the space for its intended purpose, sub-acute care, *unless* the sprinkler system was installed. United States Fire's work "provided" 10,000 square feet of *subacute care space* to the facility within the meaning of § 779.02(1)(c). Accordingly, it fell within the exemption of the lien statute.

*By the Court.*—Judgment reversed.

CURLEY, J. *(dissenting)*. United States Fire Protection installed a sprinkler system in a section of St.

Michael's Hospital which had been used as a chemical dependency treatment center, in order to allow St. Michael's to use the space for sub-acute care. The Majority concludes that by so doing, United States Fire Protection "fell within the exemption of the lien statute" because it " 'provided' 10,000 square feet of *sub-acute care space* to [St. Michael's Hospital]." *See* Majority at 413. Because these facts are not enough to invoke the protections of the lien law exception, I respectfully dissent.

As the Majority notes, §§ 779.02(2)(b) and (3), STATS., require lien claimants to give notice to property owners as a condition precedent to enforcing a lien, unless the lien claimant has furnished labor and materials "for an improvement . . . where more than 10,000 total usable square feet of floor space is to be provided or added by such work of improvement, if the improvement is partly or wholly nonresidential in character." Section 779.02(1)(c), STATS. In *McQuay-Perfex, Inc. v. Wisconsin Telephone Company*, 128 Wis. 2d 231, 381 N.W.2d 586 (Ct. App. 1985), the court concluded that heating and air conditioning renovations of an existing property do not fall within the exemption:

> Wisconsin Telephone contracted with a general plumbing and heating contractor to substantially replace, renovate and improve the heating and air conditioning system in its Janesville building. . . . The building had more than 10,000 feet of usable floor space, and none of the work done by Johnson [(a plaintiff)] and McQuay resulted in any structural alterations or additions.
>
> McQuay, a manufacturer of air conditioning and heating equipment, supplied a substantial amount of "elaborate" cooling equipment for the project and performed certain "start-up" work when all systems were in place. Johnson, a designer and

installer of temperature control systems, provided and installed a variety of automatic air and water handling controls and made certain modifications to the electrical wiring and other components of the building's heating and air conditioning system.

*Id.* at 233, 381 N.W.2d at 588.

Although the court of appeals held that "the statutory term 'improvement' may be read to include alterations or remodeling," it also held, in reversing the trial court's decision to exempt Johnson and McQuay from the lien notice requirements of § 779.02(2)(b), STATS., that:

> We do not agree, however, that the work done by Johnson and McQuay, however much it may have altered or remodeled the building's internal heating and cooling system, "provided or added" 10,000 feet of floor space within the meaning of sec. 779.02(1)(c), Stats. To so conclude would do violence to the plain language of the statute. To "provide" is to equip, furnish or supply for use; and to "add" is to "bring about an increase (as in number [or] size)," to enlarge or make an addition. *Webster's Third New International Dictionary* 2817, 24 (1976). Johnson and McQuay were not exempt from the lien notice requirements of sec. 779.02(2)(b), Stats.

*McQuay-Perfex*, 128 Wis. 2d at 235–36, 381 N.W.2d at 589 (alteration in original).

The Majority distinguishes *McQuay-Perfex* on the grounds that, in *McQuay-Perfex*, "the space was usable for its intended purpose irrespective of whether the heating and air conditioning were remodeled," whereas, in this case, "St. Michael's Hospital could not use the space for its intended purpose, sub-acute care, *unless* the sprinkler system was installed." *See* Majority at 413. First, the Majority provides no citation for

its proposition that "the space [in *McQuay-Perfex*] was usable for its intended purpose irrespective of whether the heating and air conditioning were remodeled." *See* Majority at 413. In fact, the court of appeals' decision in *McQuay-Perfex* does not reveal the purpose for which the Wisconsin Telephone Company intended to use its square footage after remodeling the heating and air conditioning, or whether the square footage could have been used for that intended purpose without remodeling the heating and air conditioning systems. The *McQuay-Perfex* decision does state that the heating and air conditioning remodeling project was "large, complex and expensive," and "substantially . . . improve[d] the heating and air conditioning system . . . ." *See McQuay-Perfex*, 128 Wis. 2d at 233, 381 N.W.2d at 588. It is possible that, without improving the heating and air conditioning system, Wisconsin Telephone Company could not have used the square footage for its intended purpose.

In any event, even assuming that the square footage in *McQuay-Perfex* was usable for its intended purpose irrespective of whether the heating and air conditioning system were remodeled, the result in this case should be the same as that in *McQuay-Perfex*. Before remodeling, both buildings had at least 10,000 square feet of usable space. After remodeling, both buildings apparently had the same number of square feet of usable space. Therefore, in both situations, the company performing the remodeling work did not add or provide any additional space within the normal meaning of those terms. The only difference between the two situations, assuming the Majority's assumptions are correct, is that in *McQuay-Perfex*, after remodeling, the space was usable for only one purpose, whereas in this case, after remodeling, the space is

usable for two purposes. To conclude that United States Fire Protection has provided St. Michael's Hospital with usable space, within the meaning of § 779.02(1)(c), merely because the hospital may now use for sub-acute care the space which it previously used for chemical dependency treatment, does the exact "violence to the plain language of the statute" which the court of appeals sought to avoid in *McQuay-Perfex*. *See McQuay-Perfex*, 128 Wis. 2d at 235–36, 381 N.W.2d at 589. Therefore, because I conclude that United States Fire Protection, by installing a sprinkler system, has not provided or added 10,000 square feet of usable space to St. Michael's Hospital, I respectfully dissent. I would affirm the trial court's decision.