CAPITOL FIXTURE & WOODWORKING GROUP, a Division of the Capitol Companies, Inc., an Illinois corp., Plaintiff-Respondent,

v.

WOODMA DISTRIBUTORS, INC., Defendant-Appellant.

Court of Appeals

*No. 88–0927. Submitted on briefs August 19, 1988.—Decided October 18, 1988.*

(Also reported in 432 N.W.2d 647.)

For appellant there was a brief submitted by *David D. Brown,* of Green Bay.

For respondent there was a brief submitted by *William P. Kopish* of *Kopish, Miron, Boyle, Topel & Miron, S.C.,* of Marinette.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J.   Woodma Distributors, Inc., appeals an order denying its motion to vacate the judgment for

lack of jurisdiction and an order reinstating the default judgment. The trial court granted a default judgment against Woodma in favor of Capital Fixture and Woodworking Group.

Woodma sells woodmaking machinery with its principal place of business in Center Moriches, New York. In 1985, Woodma sold a grooving machine to Capitol Fixture, a division of an Illinois corporation, located in Arlington Heights, Illinois. The machine was shipped to and installed at a Capitol Fixture manufacturing plant located in Peshtigo, Wisconsin. The issue is whether Woodma's isolated sale to Capitol Fixture and the machine's subsequent delivery and installation confer jurisdiction in this state under sec. 805.01(5)(e), Stats. Because we conclude that Woodma had sufficient minimum contacts with Wisconsin, we affirm the trial court's order.

The facts are undisputed. Woodma, a New York corporation, entered into a contract to sell a grooving machine (groover) to Capitol Fixture for $32,864. The purchase price included the delivery and installation of the groover at the Capitol Fixture plant in Peshtigo, Wisconsin. The groover was shipped to Peshtigo, where a Woodma representative installed the unit.

Woodma contends that the trial court lacked jurisdiction pursuant to sec. 801.05(1)(d), which confers personal jurisdiction upon the court only if the person:

> Is engaged in substantial and not isolated activities within this state, whether such activities are wholly interstate, intrastate, or otherwise.

It argues that the groover's sale and installation is not substantial so as to confer personal jurisdiction in Wisconsin over the company. To support its contention, Woodma argues that it is not licensed to do

159

business in Wisconsin, does not have an office or mailing address in Wisconsin, and does not advertise in the state. It is undisputed that the negotiations and contract formation took place outside Wisconsin and that Woodma's sole contact with this state was the delivery and installation of the groover.

Capitol Fixture, on the other hand, argues that the controlling statute which confers jurisdiction on the trial court is sec. 801.05(5)(e),[1] which confers jurisdiction on any action relating to goods, documents or title or other things of value actually received by a buyer in Wisconsin from a seller.

Jurisdiction questions are questions of law, and a reviewing court need not defer to the trial court's decision. *See Davanis v. Davanis,* 132 Wis. 2d 318, 331, 392 N.W.2d 108, 113 (Ct. App. 1986). We review this de novo. *Id.*

When determining whether personal jurisdiction exists over Woodma in Wisconsin, we must make two inquiries. First, whether Woodma's contacts with Capitol Fixture were sufficient to subject it to jurisdiction in Wisconsin under this state's "long-arm" statute, sec. 801.05(5)(e). Second, if so, would such application of this statute to Woodma violate due process requirements.

---

[1]Sec. 801.05(5)(e) provides:

A court of this state having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to s. 801.11 under any of the following circumstances:

. . . .

(5) ... In any action which:

. . . .

(e) Relates to goods, documents of title, or other things of value actually received by the plaintiff in this state from the defendant without regard to where delivery to carrier occurred.

Section 801.05 codifies the minimum contacts jurisdictional test to ensure that a nonresident's due process rights are not violated, as required by *International Shoe Co. v. Washington,* 326 U.S. 310, 316–17 (1945). The due process clause of the fourteenth amendment requires a nonresident defendant to have certain minimum contacts with a forum state before being sued in the forum. *Id.* at 316–17. Therefore, compliance with the statute and its subsections creates a rebuttable presumption that due process has been satisfied and that a court may confer personal jurisdiction over the nonresident party. *Zerbel v. H.L. Federman & Co.,* 48 Wis. 2d 54, 70, 179 N.W.2d 872, 881 (1970), *appeal dismissed,* 402 U.S. 902 (1971).

The applicable subsection in this case, sec. 801.05(5)(e), requires that the resident plaintiff receive goods of value from the nonresident defendant before personal jurisdiction is acquired. Thus, in this instance, we must determine whether the sale, delivery, and installation of the groover constitutes the receipt of valued goods by Capitol Fixture, pursuant to sec. 801.05(5)(e), and whether there were sufficient contacts to subject Woodma to Wisconsin jurisdiction under the long-arm statute. We answer this affirmatively and support this conclusion by citing persuasive comments prepared by the statute's reporter.

The reporter, Professor Foster, writes that sufficient minimum contacts exist under sec. 801.05(5) if the following three jurisdictional facts are present:

> (i) a claim arising out of a bargaining arrangement made with the defendant by or on behalf of the plaintiff;

(ii) a promise or other act of the defendant, made or performed anywhere, which evidences the bargaining arrangement sued upon; and

(iii) a showing that the arrangement itself involves or contemplates some substantial connection with the state.

Revision Notes, subsec. (5), Wis. Stats. Ann. sec. 801.05 (West 1977). These three factors have been met. First, there was a contract between Capitol Fixture and a New York defendant for the sale of machinery. Second, the machinery was delivered to Wisconsin pursuant to the parties' contract. Third, Woodma sent a technician to Wisconsin to install the machine pursuant to the contract terms. The presence of these three factors contemplated by sec. 801.05(5)(e) raises a presumption of compliance with the minimum due process standards required by *International Shoe.*

Next, in order to determine whether Woodma has overcome the presumption, we must examine the quality and nature of Woodma's contacts. Specifically, we must determine whether conferring personal jurisdiction over Woodma in Wisconsin offends the "traditional notions of fair play and substantial justice" as outlined in *International Shoe.* The Wisconsin Supreme Court has outlined a five-factor test that determines whether a nonresident's due process has been violated. The factors are: (1) quantity of contacts; (2) nature and quality of contacts; (3) source of cause of action; (4) interest in Wisconsin in the action; and (5) convenience; however, all need not be present in substantial degree before jurisdiction exists. *Id.* at 65, 179 N.W.2d at 878.

Treating the quantity, nature and quality of Woodma's contacts together, we conclude that although the quantity of contact was limited to delivery and installation, the nature and quality of these contacts were substantial. The sale, delivery and installation of the groover constitutes more than minimal contact with Wisconsin. Here, Woodma contemplated more than an isolated contact with Wisconsin when it agreed to install the groover as a condition for payment. Moreover, to maintain the manufacturer's warranty, Woodma agreed to send a representative to oversee the installation. Woodma's representative spent three days at the plant in Wisconsin installing the groover.

Similarly, the seventh circuit found personal jurisdiction in Wisconsin over a New York seller whose representatives visited Wisconsin only twice, once before it placed its order and once after it placed its order. *See Wisconsin Elec. Mfg. Co. v. Pennant Prod., Inc.*, 619 F.2d 676 (7th Cir. 1980). The court reasoned that finding personal jurisdiction did not offend the corporation's due process because it had availed itself of the privileges of conducting activities within Wisconsin through its contacts and thereby invoked the benefits and protections of its laws. Because of the nature and quality of Woodma's contacts, it also availed itself of these same privileges, benefits and protections and therefore justifies conferring jurisdiction over it.

Furthermore, the source of this cause of action arises out of Woodma's contacts with Wisconsin and the state's interest in this cause is to provide a forum for the protection of a party's interest, such as Capitol Fixture, when they are allegedly injured.

Finally, the issue of convenience, that is whether it is reasonable to subject Woodma to Wisconsin jurisdiction, must also be considered. We conclude that it is reasonable to subject Woodma to Wisconsin jurisdiction without offending its right to fairness and justice. As a New Yorker seller, Woodma cannot be surprised that it might possibly expose itself to warranty litigation in a buyer's state. Also, Woodma presumably sells machines all over the country and can arrange for effective local counsel without unreasonably inconveniencing itself. And finally, this warranty action may rely on expert testimony that may stem from states other than Wisconsin or New York. We conclude that the balancing of inconveniences in this instance falls in favor of Capitol Fixture and conferring Wisconsin jurisdiction over Woodma.

We affirm the trial court's finding of personal jurisdiction because Woodma's contacts meet the statutory presumption of sec. 801.05 and the exercise of jurisdiction does not offend the traditional notions of fairness and justice required by *International Shoe* and enumerated in *Zerbel.*

*By the Court.*—Order affirmed.