# FOR PUBLICATION



ATTORNEY FOR APPELLANT:

**JOHN W. MERVILDE**
Meils Thompson Dietz & Berish
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**MYRON A. RAHN III**
Brand & Morelock
Greenfield, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| HARRY KAUFMANN MOTORCARS, INC., | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 41A05-1108-MI-411 |
| | ) | |
| SCHUMAKER PERFORMANCE, INC., | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE JOHNSON SUPERIOR COURT
The Honorable Lance D. Hamner, Judge
Cause No. 41D03-1010-MI-49

**March 16, 2012**

**OPINION - FOR PUBLICATION**

**BRADFORD, Judge**

Appellant-Plaintiff Harry Kaufmann Motorcars, Inc. ("HKM") appeals the trial court's decision to set aside a foreign judgment rendered in the State of Wisconsin against Appellee-Defendant Schumaker Performance, Inc. ("Schumaker") as void for lack of personal jurisdiction. Concluding that the Wisconsin court had personal jurisdiction over Schumaker, we reverse and remand the matter to the trial court for future proceedings consistent with this opinion.

**FACTS AND PROCEDURAL HISTORY**

On or about September 21, 2006, a representative of HKM, a foreign corporation organized and operated under the laws of the State of Wisconsin, initiated communication with Schumaker by way of electronic mail in response to an online database listing for a boat that was posted by Schumaker. As a result of this communication, Schumaker sent the representative of HKM tickets to the upcoming Indianapolis Boat, Sport, and Travel Show (the "Boat Show"). While at the Boat Show, HKM and Schumaker entered into a purchase agreement under which Schumaker would sell an Eliminator boat (the "Boat") to HKM. At this time, HKM paid Schumaker a $9000 down payment for the Boat.

On April 18, 2007, representatives for Schumaker delivered the Boat to HKM in Wisconsin, at which time Schumaker accepted final payment for the Boat. After the initial delivery of the Boat, a representative of Schumaker came to Wisconsin to pick up the Boat and take it back to Indiana to conduct repairs. The representative of Schumaker later returned the Boat to HKM in Wisconsin.

On July 30, 2009, HKM filed suit against Schumaker and co-defendant Eliminator

Custom Boats, Inc. in Dane County, Wisconsin, alleging breach of contract and warranty claims relating to the sale of the Boat. Schumaker was served with process in Indiana, but declined to appear and informed the Wisconsin court of its intent by letter on November 4, 2009. On June 30, 2010, the Wisconsin court entered default judgment against Schumaker and Eliminator Custom Boats, Inc., in the amount of $436,651.71.

On October 25, 2010, HKM filed its complaint to domesticate foreign judgment in the trial court. Schumaker filed a motion to dismiss on December 29, 2010. HKM filed a brief in opposition to the motion to dismiss and a motion for summary judgment on January 28, 2011. On May 10, 2011, the trial court granted Schumaker's motion to dismiss. HKM subsequently filed a motion to correct error on June 9, 2011. On July 18, 2001, the trial court issued an amended order granting Schumaker's motion to dismiss. This appeal follows.

**DISCUSSION AND DECISION**[1]

HKM contends that the trial court erroneously denied full faith and credit to the judgment rendered by the Wisconsin court on the basis that the Wisconsin judgment was void for lack of person jurisdiction.

> The Full Faith and Credit Clause of the United States Constitution mandates that "[f]ull faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state." U.S. Const. Art. IV, § 1. Full faith and credit means that "the judgment of a state court should have the same credit, validity, and effect, in every other court of the United States, which it had in the state where it was pronounced." *Gardner v. Pierce*, 838 N.E.2d 546, 550 (Ind. Ct. App. 2005). Indiana has codified this notion at

---

[1] Initially, we note that it is unclear from the record whether HKM is appealing the trial court's amended order granting Schumaker's motion to dismiss or the denial of its motion to correct error. However, regardless of from which order HKM now appeals, we conclude that the Wisconsin court had personal jurisdiction over Schumaker.

Indiana Code section 34–39–4–3, which provides that records and judicial proceedings from courts in other states "shall have full faith and credit given to them in any court in Indiana as by law or usage they have in the courts in which they originated." Full faith and credit commands deference to the judgments of foreign courts, and "the judgment of a sister state, regular and complete upon its face, is prima facie valid." *Id.*

 A judgment of a foreign court is, however, open to collateral attack for want of personal jurisdiction or subject matter jurisdiction. *Commercial Coin Laundry Sys. v. Enneking*, 766 N.E.2d 433, 439 (Ind. Ct. App. 2002). Thus, before an Indiana court is bound by a foreign judgment, it may inquire into the jurisdictional basis for that judgment; if the first court did not have jurisdiction over the subject matter or relevant parties, full faith and credit need not be given. *Lucas v. Estate of Stavos*, 609 N.E.2d 1114, 1120 (Ind. Ct. App. 1993), *trans. denied*. A foreign judgment which is regular and complete on its face is presumed valid. *Id.* A party attacking the judgment of a sister state has the burden of rebutting this presumption of validity and of showing that the sister state lacked jurisdiction. *Commercial Coin Laundry Sys.*, 766 N.E.2d at 439. In assessing a collateral attack on a foreign judgment, we apply the law of the state where the judgment was rendered. *Id.* A judgment which is void in the state where it was rendered is also void in Indiana. *Id.*

*GIW Indus., Inc. v. Patriot Materials, Inc.*, 926 N.E.2d 491, 494-95 (Ind. Ct. App. 2010).

Therefore, in order to prevail, Schumaker was required to establish that the Wisconsin court lacked jurisdiction in rendering its verdict under Wisconsin law.

### A. The Wisconsin Long-Arm Statute

Turning to Wisconsin law, Wisconsin's long-arm statute, enacted in Wisconsin Statute section 801.05, provides, in pertinent part, as follows:

A court of this state having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to [section] 801.11 under any of the following circumstances:

        \*\*\*\*

**(5) Local services, goods or contracts.** In any action which:

        \*\*\*\*

(e) *Relates to goods, documents of title, or other things of value actually received by the plaintiff in this state from the defendant without regard to where delivery to carrier occurred.*

4

(emphasis added).

The Wisconsin Court of Appeals has held that the court must make two inquiries in interpreting Wisconsin Statute section 801.05(5)(e) to determine whether personal jurisdiction exists over a nonresident defendant. *Capitol Fixture and Woodworking Grp. v. Woodma Distribs., Inc.*, 432 N.W.2d 647, 649 (Wis. Ct. App. 1988). "First, whether [the nonresident defendant's] contacts with [the Wisconsin plaintiff] were sufficient to subject it to jurisdiction in Wisconsin under the state's 'long-arm' statute, [section] 801.05(5)(e) [and s]econd, if so, would such application of this statute to [the nonresident defendant] violate due process requirements." *Id.*

In determining that Wisconsin courts had personal jurisdiction over Woodma, the Wisconsin Court of Appeals stated as follows:

> Section 801.05 codifies the minimum contacts jurisdictional test to ensure that a nonresident's due process rights are not violated, as required by *International Shoe Co. v. Washington*, 326 U.S. 310, 316-17, 66 S.Ct. 154, 158-59, 90 L.Ed. 95 (1945). The due process clause of the fourteenth amendment requires a nonresident defendant to have certain minimum contacts with a forum state before being sued in the forum. *Id*. at 316-17, 66 S.Ct. at 158-59. Therefore, compliance with the statute and its subsections creates a rebuttable presumption that due process has been satisfied and that a court may confer personal jurisdiction over the nonresident party. *Zerbel v. H.L. Federman & Co.*, 48 Wis.2d 54, 70, 179 N.W.2d 872, 881 (1970), *appeal dismissed*, 402 U.S. 902, 91 S.Ct. 1379, 28 L.Ed.2d 643 (1971).
>
> The applicable subsection in this case, [section] 801.05(5)(e), requires that the resident plaintiff receive goods of value from the nonresident defendant before personal jurisdiction is acquired. Thus, in this instance, we must determine whether the sale, delivery, and installation of the groover constitutes the receipt of valued goods by [the Wisconsin plaintiff], pursuant to sec. 801.05(5)(e), and whether there were sufficient contacts to subject [the nonresident defendant] to Wisconsin jurisdiction under the long-arm statute.

5

We answer this affirmatively and support this conclusion by citing persuasive comments prepared by the statute's reporter.

The reporter, Professor Foster, writes that sufficient minimum contacts exist under [section] 801.05(5) if the following three jurisdictional facts are present:

(i) a claim arising out of a bargaining arrangement made with the defendant by or on behalf of the plaintiff;

(ii) a promise or other act of the defendant, made or performed anywhere, which evidences the bargaining arrangement sued upon; and

(iii) a showing that the arrangement itself involves or contemplates some substantial connection with the state.

Revision Notes, subsec[tion] (5), Wis. Stat. Ann. sec. 801.05 (West 1977).

*Id*. at 649-50.

As was determined in *Woodma Distributors*, here we conclude that the above three factors have been met.[2]  First, there was an initial contact between HKM and Schumaker which resulted in HKM traveling to the Boat Show where the parties entered into a contract for the sale of a Boat.  Second, the Boat was delivered to HKM in Wisconsin by Schumaker.  Third, Schumaker accepted final payment for the Boat in Wisconsin and representatives from Schumaker traveled to Wisconsin to retrieve the Boat and bring it back to Indiana for repairs before redelivering the repaired Boat to HKM in Wisconsin.  Again, as was determined by the Wisconsin Court of Appeals in *Woodma Distributors*, we conclude that "[t]he presence of these three factors contemplated by [section] 801.05(5)(e) raises a presumption of compliance with the minimum due process standards required by International Shoe" and are

---

[2] In *Woodma Distributors*, the Wisconsin Court of Appeals determined that the three factors had been met because there was a contract between Capitol Fixture and a New York defendant for the sale of machinery, the machinery was delivered to Wisconsin pursuant to the parties' contract, and the New York defendant sent a technician to Wisconsin to install the machine pursuant to the contract terms. *Woodma Distribs.*, 432 N.W.2d at 650.

sufficient to establish jurisdiction under section 801.05(5)(e) of the Wisconsin long-arm statute.[3] *See id*. at 650.

## B. Constitutional Considerations

Again, Wisconsin courts presume that compliance with the Wisconsin long-arm statute satisfies the requirements of due process, although the presumption may be rebutted. *Wayne Pigment Corp. v. Halox*, 220 F.Supp.2d 931, 935 (E.D. Wis. 2002) (citing *Johnson Worldwide Assoc., Inc. v. Brunton Co.*, 12 F.Supp.2d 901, 910 (E.D. Wis. 1998)).

> Due process permits a Wisconsin court to exercise jurisdiction over a defendant who has "minimum contacts" with this state such that maintenance of a lawsuit here "does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 85 L.Ed. 278 (1940)). The defendant must have "purposefully established minimum contacts within the forum State" before personal jurisdiction will be found to be reasonable and fair. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Crucial to the minimum contact analysis is a showing that the defendant "should reasonably anticipate being haled into court [in the forum State]," *id*. at 474, 105 S.Ct. 2174 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)), because the defendant has "purposefully avail[ed] itself of the privilege of conducting activities" there. *Burger King*, 471 U.S. at 475, 105 S.Ct. 2174 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958)).
>
> When the basis for personal jurisdiction is specific jurisdiction, the suit must "arise out of" or "be related to" these minimum contacts with the forum state. This nexus is important because it aims to give "a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." *World-Wide Volkswagen*, 444 U.S. at 297, 100 S.Ct. 559.

---

[3] Having concluded that the Wisconsin court had specific personal jurisdiction over Schumaker in the underlying matter pursuant to section 801.05(5)(e) of the Wisconsin long-arm statute, we need not consider HKM's argument relating to whether Wisconsin courts also had personal jurisdiction over Schumaker under section 801.05(4) of the Wisconsin long-arm statute.

*Id*. at 935-36.

Thus, in order to determine whether Schumaker has overcome the presumption that the Wisconsin long-arm statute satisfies due process requirements, we must examine the quality and nature of Schumaker's contacts with Wisconson. *See Woodma Distribs.*, 432 N.W.2d at 650. Specifically, we must determine whether, in the underlying matter, conferring personal jurisdiction over Schumaker in Wisconsin offends the "traditional notions of fair play and substantial justice" as outlined in *International Shoe*. *See id*. The Wisconsin Supreme Court has outlined a five-factor test that determines whether a nonresident's due process has been violated. *Id*. "The factors are: (1) quantity of contacts; (2) nature and quality of contacts; (3) source of cause of action; (4) interest in Wisconsin in the action; and (5) convenience; however, all need not be present in substantial degree before jurisdiction exists." *Id.* (citation omitted).

Treating the quantity, nature, and quality of Schumaker's contacts together, we conclude that although the quantity of contact was limited to initial correspondence with HKM in Wisconsin that resulted in HKM visiting the Boat Show where the parties entered into the purchase agreement, delivery of the Boat, acceptance of final payment in Wisconsin, retrieval of Boat for repairs, and redelivery of Boat, the nature and quality of these contacts were substantial and constitute more than minimal contact with Wisconsin. *See id*. (providing that treating the quantity, nature, and quality of Woodma's contacts together, the sale, delivery, and installation of the groover constituted more than minimal contact with Wisconsin); *see also Wisconsin Elec. Mfg. Co. v. Pennant Prod., Ind.*, 619 F.2d 676 (7th Cir.

8

1980) (finding that personal jurisdiction did not offend the New York corporation's due process rights because it had availed itself of the privileges of conducting activities within Wisconsin through its contacts and thereby invoked the benefits and protections of its laws).

We also conclude that Schumaker contemplated more than an isolated contact with Wisconsin when it agreed to deliver, retrieve, and redeliver the Boat to Wisconsin and are unconvinced by Schumaker's argument that allowing the Wisconsin courts to assert personal jurisdiction over him in the instant matter would violate his due process rights because it only delivered, retrieved, and redelivered the Boat to and from Wisconsin at HKM's insistence. *See Woodma Distribs.*, 432 N.W.2d at 650 (finding that Woodma contemplated more than isolated contact with Wisconsin when it agreed to install the groover as a condition for payment). Regardless of why Schumaker decided to travel to Wisconsin to deliver, retrieve, and then redeliver the Boat, we believe that these contacts were substantial and constitute more than minimal contact with Wisconsin.

Additionally, the source of the underlying action arises out of Schumaker's contacts with Wisconsin and Wisconsin's interest in the instant matter is to provide a forum for the protection of a Wisconsin resident party's interest, such as HKM, when they are allegedly injured. *See id.*

Finally, with respect to the issue of convenience, we must consider whether it is reasonable to subject Schumaker to jurisdiction in Wisconsin in the underlying matter. *See id.* Upon review of the facts relating to the underlying matter, we conclude that it is reasonable to subject Schumaker to personal jurisdiction in Wisconsin without offending

9

Schumaker's right to fairness and justice. As an Indiana seller, Schumaker cannot be surprised that it could possibly expose itself to litigation relating to the sale of its product in a buyer's state. *See id.* at 651. In addition, Schumaker arranged for its counsel to communicate with the Wisconsin court, and through its counsel, could likely have arranged for effective local counsel without unreasonably inconveniencing itself. *See id*. Furthermore, had Schumaker appeared at trial for the underlying action, the action could have potentially required expert testimony which could have stemmed from states other than Wisconsin or Indiana. *See id*. Accordingly, we conclude that the balancing of inconveniences in this instance falls in favor of HKM and conferring personal jurisdiction over Schumaker in the Wisconsin courts.

Having concluded that in the underlying matter, Schumaker was subject to personal jurisdiction in the Wisconsin courts under section 801.05(5)(e) of the Wisconsin long-arm statute because its contacts meet the statutory requirements of Wisconsin Code section 801.05(5)(g) and the exercise of jurisdiction does not offend the traditional notions of fairness and justice required by *International Shoe*, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

The judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion.

KIRSCH, J., and BARNES, J., concur.